ATTORNEY FOR THE RESPONDENT
Marce Gonzalez

ATTORNEY FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Greg N. Anderson, Staff Attorney
Indianapolis, Indiana

# In the

# Indiana Supreme Court

_____

No. 45S00-0505-DI-244

IN THE MATTER OF

**DANIEL B. STEPHENS**                                   *Respondent.*

_____

Disciplinary Action

_____

**August 11, 2006**

*Per Curiam,*

Today, we admonish respondent for his attempt to circumvent the limitation on attorney fees that can be charged for recoveries from the Patient Compensation Fund. This case is before us on a *Statement of Circumstances and Conditional Agreement for Discipline* tendered by the parties on April 11, 2006, which calls for a public reprimand. We accept the parties' agreement.

## FACTS

On May 12, 2001, respondent entered into a medical malpractice employment agreement with a client, which called for fees as follows:

> The law limits the Attorneys' fees to 15% of all sums recovered
> from the Patient Compensation Fund, though it does not restrict the

amount of fees taken from the first $100,000 of any recovery from the health care providers. The Client(s) agree to pay to the Attorneys as much of the first $100,000 obtained from the health care providers as is necessary to equal one-third of the total recovery.

On June 13, 2002, respondent, who by then had concerns about proceeding with the case under the agreed contingent fee basis, suggested two options to the client. Rather than agreeing to an hourly rate option, the client chose option two, and agreed to pay a non-refundable retainer of $10,000 in addition to the contingency fee previously described.

The client paid respondent $10,000 on July 20, 2002, but on February 13, 2004, the client demanded the return of her file and accused respondent of breaching their contract. By letter dated February 21, 2004, the client sought a refund of the $10,000 paid to respondent. Respondent declined to refund the money because it was "nonrefundable". On November 22, 2005, after commencement of disciplinary proceedings, respondent refunded the full $10,000 to the client.

## DECISION

As noted in respondent's fee agreement, the medical malpractice statutes of this state limit a plaintiff's attorney's fees to fifteen percent (15%) of any recovery from the Patient Compensation Fund. IC 34-18-18-1. Respondent's fee agreement also suggested that there was no restriction on the amount of fees taken from the first $100,000 recovered from a health care provider. (IC 34-18-14-3 limited the liability of qualified healthcare providers to $100,000. This limitation has now been increased to $250,000). To avoid the 15% cap on recoveries over $100,000, respondent's agreement required that he receive from the first $100,000 recovered a fee equal to one-third of the total recovery (healthcare provider contribution plus Patient Compensation Fund contribution). This had the potential of resulting in the entire first $100,000 recovered going to respondent.

While the medical malpractice statutes do not restrict the amount of attorney fees taken from the first $100,000 recovered, our Rules of Professional Conduct do set standards for attorney fees. Respondent's agreement violated Ind. Professional Conduct Rule 1.5(a), which requires that a lawyer's fee shall be reasonable. An attempt to circumvent the statute limiting the recovery allowed from the Fund is not proper. *Matter of Benjamin*, 718 N.E.2d 1111 (Ind. 1999) (by retaining as his fee an unreasonable portion of the recovery from the settlement with the hospital, the respondent would have effectively offset the 15 percent limitation on his fee from the Fund

2

recovery). The limitation on fees imposed by IC 34-18-18-1 cannot be overcome by merely manipulating the source of the fees. Regardless of the source of the fee, an attorney's compensation must still meet the reasonableness requirements of Prof.Cond.R. 1.5(a) and the 15% limitation of IC 34-18-18-1.

The nonrefundable retainer provision of respondent's agreement also violated Prof.Cond.R. 1.5(a). There may be circumstances where a nonrefundable retainer is enforceable, such as where the lawyer is precluded from other representation or where there is guaranteed priority access to the lawyer's advice, but these types of circumstances are not alleged here. *See*, *Matter of Thonert*, 682 N.E.2d 522, 524 (Ind. 1997). By locking a client to a lawyer with a nonrefundable retainer, the lawyer chills the client's right to terminate the representation.

Finally, the respondent's second fee agreement, which gave respondent a pecuniary interest adverse to the client, was obtained without a separate written consent from the client. This conduct violates Prof.Cond.R. 1.8(a) (2002). Unfairly renegotiating a fee agreement is prohibited conduct. *Matter of Hefron*, 771 N.E.2d 1157 (Ind. 2002).

Respondent's attempt to avoid the statutory limit on Patient Compensation Fund attorney fees was wholly improper. Not only did respondent seek to avoid the clear language of the statute, but he also sought to do so by suggesting an unreasonable fee arrangement, thereby violating the Rules of Professional Conduct. In the future, violations of this nature are likely to result in discipline that is more serious.

We find that a public reprimand is appropriate under the circumstances presented by the parties. The respondent, Daniel B. Stephens, is publicly reprimanded for his misconduct.

Costs of this proceeding are assessed against respondent.